UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

March 31, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Porche C. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 24-0797-CDA

Dear Plaintiff and Counsel:

On March 18, 2024, Plaintiff Porche C. ("Plaintiff"), proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits.[2] ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 19, 20, and 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 9, 2020, alleging a disability onset of April 12, 2020. Tr. 223-36. Plaintiff's claims were denied initially and on reconsideration. Tr. 85-136. On August 23, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 67-84. On November 22, 2022, the ALJ held a supplemental hearing after the first hearing was suspended due to missing medical evidence. Tr. 37-66. Following the hearing, on December 1, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. Tr. 17-32. The Appeals Council denied Plaintiff's request for review, Tr. 1-4, so the ALJ's decision constitutes the final, reviewable

---

[1] Plaintiff filed this case against Commissioner, Social Security on March 18, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff filed a supplement to her Complaint on June 18, 2024. *See* ECF 12.

[3] 42 U.S.C. §§ 301 et seq.

*Porche C. v. Dudek*
Civil No. 24-0797-CDA
March 31, 2025
Page 2

decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since April 12, 2020, the alleged onset date." Tr. 22. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "status-post left leg laceration." Tr. 23. The ALJ also determined that Plaintiff suffered from the non-severe impairments of status-post left upper arm laceration, bipolar disorder, depression, and schizophrenia. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 26. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." Tr. 27. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy. Tr. 31. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

When reviewing a *pro se* Social Security appeal, the Court must "(1) examin[e] whether

the SSA's decision generally comports with regulations, (2) review[ ] the ALJ's critical findings for compliance with the law, and (3) determin[e] from the evidentiary record whether substantial evidence supports the ALJ's findings." *Young R. v. Comm'r Soc. Sec. Admin.*, No. SAG-18-2980, 2019 WL 2078637, at *1 (D. Md. May 10, 2019) (quoting *Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005)).

IV.     **ANALYSIS**

Plaintiff contends that she has a lasting disability due to her physical and mental impairments and if she had "not been stabbed and denied pain medication in year 2020, [she would] probably still be working."[4] ECF 24, at 1. She notes that she has a therapist for her mental health and found different pain management doctors that "all gave [her] medication that was supposed to have helped and not all has helped." *Id.* at 2. She states that she has "been to countless physical therapies only to have gotten into an accident and created more damage to [her] pre-existing pain." *Id.* She argues that "[b]eing intelligent is a disability as well as [her] left side from nerve damage."[5] *Id.* Defendant counters that substantial evidence supports the ALJ's decision and that the ALJ applied the correct legal standards. ECF 20, at 5-21.

After careful review of the ALJ's opinion and the record, the Court finds that the ALJ's decision applied the correct legal standards, and the conclusions are supported by substantial evidence. The ALJ considered Plaintiff's allegations, properly evaluated Plaintiff's medical records, and proceeded in accordance with the applicable law. *See* 20 C.F.R. §§ 404.1520, 416.920 (describing the SSA's five-step sequential evaluation for determining disability). At step one, the ALJ found in Plaintiff's favor, determining that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. Tr. 22; *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

At step two, the ALJ considered the severity of each of the impairments that Plaintiff claimed prevented her from working, finding Plaintiff's status-post left leg laceration to be severe

---

[4] On October 8, 2024, the Court directed Plaintiff to file a brief "explaining how the SSA erred in adjudicating Plaintiff's claim(s)." ECF 22. After Plaintiff failed to file a response, on February 13, 2025, the Court directed Plaintiff to file a written response within thirty days indicating "whether Plaintiff intends to respond to the SSA's brief[,]" or "[a]t a minimum," indicating whether "Plaintiff intends to proceed with the complaint." ECF 23, at 1. Plaintiff subsequently filed her response on February 27, 2025, indicating her intent to proceed, but the correspondence did not respond to the SSA's brief or explain how the SSA erred. ECF 24. The Court will liberally construe Plaintiff's correspondence to consider, among others, whether the SSA's decision comported with regulations and complied with the law, and whether substantial evidence supports the ALJ's decision. *See Young R.*, 2019 WL 2078637, at *1.

[5] Plaintiff seeks approval of her disability claim and her two daughters' disability claims. *See* ECF 24, at 1-2. However, Plaintiff's daughters are not parties to this action and Plaintiff's complaint challenges the denial of her claim only. *See* ECFs 1, 12. As such, only Plaintiff's claim is subject to the Court's current review.

*Porche C. v. Dudek*
Civil No. 24-0797-CDA
March 31, 2025
Page 4

because the impairment "significantly limit[s] the ability to perform basic work activities" and finding Plaintiff's status-post left upper arm laceration, bipolar disorder, depression, and schizophrenia to be non-severe because the impairments do not cause more than minimal limitation in Plaintiff's ability to perform physical or basic mental work-related activities. Tr. 23; *see* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

At step three, the ALJ determined that Plaintiff's physical and mental impairments did not meet or medically equal the criteria of any listings. Tr. 26; *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). In order to meet the requirements of a listed impairment, a claimant must meet all of the elements of the listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Hays v. Sullivan*, 907 F.2d 1453, 1456-58 (4th Cir. 1990). The ALJ determined that Plaintiff's physical impairments could not satisfy all the elements for Listing 1.18 (abnormality of a major joint(s) in any extremity) concluding "there is no medical evidence of abnormality of a major joint(s) in any extremity documented by [paragraphs] A, B, C, and D[.]" Tr. 26. The ALJ also considered Plaintiff's mental impairments under the "paragraph B" criteria, and determined that Plaintiff had no limitations in understanding, remembering, or applying information and concentrating, persisting, or maintaining pace. Tr. 23-25. In interacting with others and adapting or managing oneself, the ALJ determined Plaintiff had mild limitations. Tr. 23-25.

Next, the ALJ evaluated Plaintiff's RFC by assessing the extent to which her impairments limited her ability to work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). An RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. §§ 404.1545(b) and 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. §§ 404.1545(b), 416.945(b); *see* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (holding that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested'") (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" SSR 96-8p, 1996 WL 374184, at *7. Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

*Porche C. v. Dudek*
Civil No. 24-0797-CDA
March 31, 2025
Page 5

The ALJ concluded that, despite her impairments, Plaintiff maintained the RFC to "perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." Tr. 27. The ALJ engaged in a narrative discussion of Plaintiff's medical evidence and cited to specific evidence in the record. Tr. 28-31. The ALJ offered a logical explanation of how this evidence, along with Plaintiff's testimony, and the opinions of medical professionals, led to the conclusion that Plaintiff can perform a full range of light work. Tr. 27-31. The ALJ considered Plaintiff's "admitted daily activities" and explained how these activities do not support the level of debilitation alleged. Tr. 27-28. Despite Plaintiff's hearing testimony, the objective medical evidence examined by the ALJ supported their conclusion that Plaintiff's statements "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 27. The Fourth Circuit has held that "[a]lthough a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]" *Craig*, 76 F.3d at 595.

The ALJ found Dr. G. Singh's opinion, "stating that [Plaintiff's] joint abnormality limits her to light work," persuasive. Tr. 29. The ALJ found Dr. Singh's opinion "consistent with and supported by the medical evidence of record," noting that "the record supports a lack of postural, manipulative, and environmental limitations[.]" *Id.* The ALJ also found Dr. H. Lake's opinion, "stating that [Plaintiff's] mental impairments were non-severe" persuasive because the "finding is consistent with and supported by the medical evidence of record." *Id.* Moreover, the ALJ found a March 2022 physical assessment by Dr. M. Montemayor, "stating generally that [Plaintiff] is limited to standing 1 hour total in an 8-hour day; walking 1 hour in an 8-hour day; lifting 5 pounds frequently and 10 pounds occasionally; and that she is limited to occasional bending, stooping, crouching, and squatting, partially persuasive." Tr. 30. The ALJ found the opinion "based on a personal examination and supported with explanation[,]" but found the standing, walking, and lifting limitations "inconsistent with the record," and "more consistent with a limitation to light work." *Id.* Further, the ALJ found a September 2022 mental assessment by Dr. S. Phillips, "stating that [Plaintiff's] ability to understand and comprehend events around her is within average range, her ability to persevere and complete tasks was good, and that her ability to relate to others is impaired, partially persuasive" because Dr. Phillips "failed to provide any specific functional limitations" and Plaintiff's "testing and comments reflect that she appears to be functioning fairly well." *Id.* The ALJ's evaluation of these medical opinions comported with the requirements of 20 C.F.R. § 404.1520c.

At step four, the ALJ determined Plaintiff had no past relevant work. Tr. 31; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At step five, in accordance with the vocational expert's testimony, the ALJ determined that a person with Plaintiff's full range of light work RFC could perform jobs that existed in significant numbers in the national economy, including mail sorter (DOT[6] #222.687-022), housekeeping-cleaner (DOT #323.687-014), and garment sorter (DOT

---

[6] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*,

#222.687-014). Tr. 31-32, 61-62; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Because the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, the ALJ appropriately concluded that Plaintiff was not disabled. Tr. 32; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) ("If [the claimant] can make an adjustment to other work, [the SSA] will find that [the claimant is] not disabled.").

Ultimately, the Court's review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig*, 76 F.3d at 589. Even if there is other evidence that may support Plaintiff's position, the Court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). In considering the entire record, and given the evidence outlined above, the Court finds that the ALJ supported the decision with substantial evidence and applied the correct legal standards.

V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).